

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 05-80476 |
| Plaintiff, | HONORABLE ARTHUR J. TARNOW |
| v. | OFFENSES: **Count 2:** 18 U.S.C. §§ 1344, 2: Aiding and Abetting Bank Fraud: maximum 30 years in custody, $1,000,000 fine, 5 years supervised release |
| D-1   NEMR RAHAL, | |
| Defendant. | |

# RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant, defendant's attorney, and the United States Attorney for the Eastern District of Michigan ("U.S. Attorney") (collectively "the parties") agree as follows:

1. **Guilty Plea.**

   **A.** Defendant will plead guilty to **count 2 of the Indictment**. Any other counts against defendant will be dismissed at sentencing. Defendant acknowledges that the court may consider these other counts and any other relevant conduct in determining the appropriate sentence.

   **B.** The elements of aiding and abetting bank fraud in violation of 18 U.S.C. §§ 1344 and 2, the offenses charged in count 2, are:

   1. Defendant knowingly devised and executed, and aided and abetted another in devising and executing, a scheme to defraud and to obtain the money, funds or other property owned by or under the control of a financial institution by means of false and fraudulent pretenses, representations or promises;

    2.    Defendant did so with the intent to defraud; and

    3.    The financial institution was then insured by the Federal Deposit Insurance Corporation.

**C.    The parties stipulate to the following, which the U.S. Attorney is prepared to prove beyond a reasonable doubt at trial, as an accurate factual basis for defendant's guilty plea to count 2:**

    1.    From 2000 through May 2005, in the metropolitan Detroit area, defendant **NEMR ALI RAHAL** devised and executed, and aided and abetted his wife and co-defendant RANIA FAWAZ RAHAL in devising and executing, a scheme to defraud and to obtain money in the custody or control of federally insured financial institutions by means of false and fraudulent pretenses, representations or promises through fraudulent mortgage applications and credit fraud.

    2.    By these false and fraudulent pretenses, representations and promises, the defendants obtained in excess of **$500,000** of moneys belonging to, or in the custody or control of, J.P. Morgan Chase Manhattan Bank, MBNA America Bank, Citibank N.A., Bank One, Discover Bank, Household Bank, Monogram Credit Card Bank of Georgia, Bank of America, and Providian National Bank, all financial institutions whose deposits were then insured by the Federal Deposit Insurance Corporation.

    3.    In executing the scheme to obtain money from banks through fraudulent mortgage applications, **NEMR RAHAL** did the following things, among others:

    a.    On February 25, 2000, **NEMR RAHAL** applied to Chase Manhattan Bank for a mortgage on the real property at **7515 Freda** Street in Dearborn, Michigan. Relying on his false statements of material fact, Chase Manhattan Bank loaned **RAHAL** over **$100,000.** Included in the false statements on that mortgage application were the following:

    i.    **NEMR RAHAL** listed his present home address as 6001 Coleman Street in Dearborn, Michigan, and falsely claimed he had been residing at that address for the past 2.5 years. In fact **RAHAL** lived in McAllen, Texas until 2000.

    ii.    **RAHAL** also falsely claimed he was the manager of MSI Petro Mart, Inc., 26016 John R., Madison Heights, Michigan, and that he had worked there for the past 4 years. However, **RAHAL** lived in McAllen, Texas until 2000.

    iii.    Included with this mortgage application were copies of two fraudulent W-2 statements from MSI Petro Mart for the tax years 1998 and

2

1999. The taxable wage amounts listed on these W-2s for **RAHAL** were **$34,462 for 1998**, and **$34,935.77 for 1999**.

        iv.    A gift letter was also included with this loan application indicating a $5,000 gift had been given to **RAHAL** from his father, Ali Rahal, who was also represented as residing at the same address of 6001 Coleman Street in Dearborn, Michigan. In fact Ali Rahal has never lived in the United States.

    b.    As part of the scheme to obtain money from banks through fraudulent mortgage applications, on April 15, 2004, **NEMR RAHAL** also assisted **RANIA FAWAZ RAHAL** in obtaining a **$134,400 mortgage** to purchase a residence at **5479 Argyle Street** in Dearborn, Michigan, by means of false and fraudulent representations and promises, as set out in the Indictment.

4.    In executing the scheme to obtain money from banks by credit fraud, in January 2003, **NEMR RAHAL** fraudulently inflated the apparent available balances on his own credit accounts by making bogus electronic "pay-by-phone" payments against several of his bank accounts.

    a.    Immediately after the bogus payments had been made and before the banks and credit companies realized they had been defrauded, **NEMR RAHAL** obtained cash advances at casinos or banks and purchased merchant gift cards, up to the fraudulently inflated credit balances in the various accounts.

    b.    Through this fraudulent conduct, **NEMR RAHAL** obtained **over $300,000** from credit issuing banks and merchants.

    c.    **NEMR RAHAL** made no subsequent payments to his credit accounts after the "phone payments" were dishonored. All of his credit accounts were eventually charged off as bad debt by his creditors.

5.    **NEMR RAHAL** acted knowingly and with the intent to defraud the banks.

## 2.    Sentence Agreement.

### A.    Sentencing Guidelines.

Defendant understands that, under the Sentencing Reform Act, the **court will make factual and legal findings about defendant's conduct and criminal history**. Defendant understands that these findings will be made based upon information provided by the parties and

the United States Probation Officer who prepares the presentence investigation report, the stipulations contained within this agreement, and any other **reliable evidence, including hearsay.** The court will make these findings applying a **preponderance of the evidence standard** of proof.

Attached to this agreement are stipulated Sentencing Guidelines worksheets. These worksheets reflect the agreement of the parties as to the applicable Sentencing Guidelines calculations.

Defendant understands that:

- the Sentencing Guidelines findings made by the court will be used to calculate a sentence range under the Sentencing Guidelines;

- the court is not bound by the agreement of the parties as to the correct Sentencing Guideline range;

- in determining the sentence, the court is required to consider the applicable Sentencing Guideline range, but is not required to adhere to that range; and

- under the Sentencing Reform Act, the court is required to consider all of the factors enumerated in 18 U.S.C. § 3553(a), in addition to the Sentencing Guideline range, in determining an appropriate sentence.

**B.     Acceptance of Responsibility.**

Defendant will have demonstrated his full acceptance of responsibility for the offense **by his truthful admission of his own participation in the offense, his identification of all property that is the proceeds of the crime or that was obtained with the proceeds of the crime, and his timely notification of his intention to plead guilty.**

4

### C.   Imprisonment.

Pursuant to Rule 11(c)(1)(C), the parties agree that a sentence of imprisonment within the Sentencing Guideline **range of 33 to 41 months**. The parties agree that is a reasonable and an appropriate disposition of the case.

The court may accept or reject this agreement, or may defer its decision until it has an opportunity to consider the presentence report. Defendant agrees that the court may inspect the presentence report before it accepts or rejects the plea agreement. If the court rejects this agreement, it shall afford the defendant the opportunity to withdraw the plea of guilty and advise the defendant that if the plea is not withdrawn the sentence may be greater than the maximum provided for in this agreement.

### D.   Fine.

Pursuant to Rule 11(c)(1)(C), the U.S. Attorney agrees that a **fine no higher than $75,000**, the top of applicable guideline range for fines is an appropriate disposition of the case.

### E.   Supervised release.

The court may impose a **term of supervised release between 3 and 5 years** to follow imprisonment. If defendant violates a condition of release, the court will then be able to impose an additional prison sentence that could be as long as the original term of release. This agreement does not limit the sentence the court could impose in that situation.

### F.   Special Assessment.

Defendant must pay a special assessment of $100 and must provide the receipt to court on the day of sentencing.

### G. Restitution.

Defendant agrees that the court shall order restitution, pursuant to any available provision of law, for any loss caused to: (1) the victims of any offense charged in this case (including dismissed counts), and (2) the victims of any criminal activity that was part of the same course of conduct or same scheme or plan as defendant's charged offenses. Defendant agrees, pursuant to 18 U.S.C. § 3663(a)(3), that the **restitution is up to $500,000 to various financial institutions.**

### H. Forfeiture.

1. As part of this agreement, pursuant to 18 U.S.C. 982(a)(2), the defendant agrees to forfeit any property, real or personal, constituting or derived from any **proceeds** obtained, directly or indirectly, as a result of violations of 18 U.S.C. § 1344, including but not limited to his interest in the following:

    a. The **real property**, including all land, buildings, fixtures, improvements, and appurtenances commonly known as **5479 Argyle, Dearborn**, Wayne County, Michigan, more fully described as:

    > Lot 672 and ½ of the vacated alley at the rear thereof, Ardross Subdivision No. 2, as recorded in Liber 39, Page 2, of Plats, Wayne County Records.
    > Tax ID: 82-10-182-03-031 / 32-10-182-03-031-00

    b. **$5,005.50** in U.S. Currency, seized during the execution of a federal search warrant on April 20, 2005.

2. In entering into this agreement with respect to forfeiture, the defendant expressly waives his right to have a jury determine the forfeitability of his interest in the above identified real and personal properties as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

6

3. With respect to the above identified properties, the defendant agrees to the entry of one or more orders of forfeiture of his interests in such property upon application by the United States at, or any time before, his sentencing in this case. The defendant admits that the properties described in Subparagraphs H(1)(a)-(b) are forfeitable because they constitute or are derived from proceeds obtained, directly or indirectly, as a result of his bank fraud crimes in violation of 18 U.S.C. § 1344.

4. In entering into this agreement with respect to forfeiture, the defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

5. Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

6. As part of this agreement, the defendant agrees to execute a Stipulated Preliminary Order of Forfeiture to be entered at or after the time his guilty plea is entered as to the personal and real property listed in subparagraphs H(1)(a)-(b) above.

7. Pursuant to 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(p), the defendant agrees to the forfeiture of substitute property, up to the value of the properties described in subparagraphs H(1)(a)-(b) above, if, by any act or omission of the defendant, that property cannot be located upon the exercise of due diligence; has been transferred, sold

to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

I. **Money Judgment.**

**NEMR RAHAL** agrees to entry of a money judgment in the amount of **$453,594.50** in favor of the United States. This represents the indicted sum of $500,000, less the approximate net equity value ($41,400.00) of the forfeited real property commonly known as 5479 Argyle, Dearborn, Wayne County, Michigan, and the forfeited $5,005.50 in currency.

3. **Subsequent challenges to conviction or breach of agreement.**

    A. **Effect of Defendant's attempt to withdraw or to challenge the guilty plea.**

    If at any time defendant tries to withdraw the guilty plea to any count; attacks the validity of the conviction on any count; or fails to comply with the terms of the agreement, the U.S. Attorney is released from its promises under this agreement and, in particular, may prosecute defendant on any charge that it agreed to dismiss or not to bring. In addition, if defendant's conviction on any count is vacated, the U.S. Attorney may request resentencing on any remaining count.

    B. **Defendant's waiver of double jeopardy, speedy trial and statute of limitation claims.**

    Defendant waives a double jeopardy defense as to any charges the U.S. Attorney brings or pursues under the previous paragraph. Defendant waives any speedy trial or statute of limitations defense for the period of time between the date defendant signed this agreement and (a) the date an order permitting withdrawal of the plea, vacating the plea, or reversing the conviction on any

8

count becomes final, or (b) the date the U.S. Attorney notifies defendant in writing of defendant's failure to comply with the agreement; whichever is later.

4. **Waiver of appeal rights.**

If the court imposes a **sentence that does not exceed 41 months**, the top of the range described in ¶ 2 of this agreement, defendant **waives any right he may have to appeal** his conviction or sentence.

5. **No other terms.**

This document is the entire agreement between defendant and the U.S. Attorney with respect to the charges noted above in this criminal case. It does not prevent any civil or administrative actions against defendant or any property by the U.S. Attorney or any other party. There are no other parties to this agreement.

6.   **Acceptance of agreement.**

This offer automatically expires unless it has been received (fully signed) in the Office of the U.S. Attorney by **5:00 P.M. on Thursday, December 22, 2005.** The U.S. Attorney reserves the right to modify or revoke the offer prior to defendant's plea of guilty.

STEPHEN J. MURPHY
United States Attorney

Dated: 12/5/05

_____
ERIC STRAUS
Assistant U. S. Attorney

Dated: 12/1/05

_____
CYNTHIA OBERG (P 36338)
Assistant U. S. Attorney

Dated: 12/5/05

_____
RITA ELIZABETH FOLEY (P 56361)
Assistant U.S. Attorney

By signing this document, the defendant acknowledges that he has read this entire document with the assistance of defense counsel. Defendant acknowledges that he understands it and agrees to its terms, and that he is satisfied with his attorney's advice and representation.

Dated: 1-17-06

_____
NEMR ALI RAHAL
Defendant

Dated: 1-17-06

_____
MICHAEL RATAJ
Attorney for Defendant

10

# WORKSHEET A   (Offense Levels)

Defendant: __Nemr Rahal__     Count(s): __1, 2__

Docket No.: __05-80476__     Statute(s): __18 U.S.C. §§ 1344, 2__

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1(a) | bank fraud, base offense level | 7 |
| 2B1.1(b)(1)(H) | over $500,000, less than $1,000,000 in losses | 14 |
| 2B1.1(b)(2)(A) | more than 10 victims | 2 |
| | | |
| | | |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**23**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.* ✓

*If the defendant has no criminal history, check this box and skip Worksheet C.* ✓

(rev. 06/99)

# WORKSHEET D   (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**  |  23

   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G § 3E1.1)**  |  < 3 >

3. **TOTAL OFFENSE LEVEL**  |  20

   Enter the difference between Items 1 and 2.

4. **CRIMINAL HISTORY CATEGORY**  |  I

   Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

5. **CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

   a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. ch. 5, pt. A)**  |  33 to 41 months

   Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**  |  n/a   months

   If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (See U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)

1. **PROBATION (U.S.S.G. ch. 5, pt. B)**

    a. <u>Imposition of a Term of Probation</u>  (U.S.S.G. § 5B1.1)

    [✓] 1. Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

    [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

    [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but < 6 months).

    b. <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

    [ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6).

    [ ] 2. No more than 3 years (total offense level < 6).

    c. <u>Conditions of Probation</u>  (U.S.S.G. § 5B1.3)

    The court must impose certain conditions of probation and may impose other conditions of probation.

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

    [✓] a. A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

    [ ] b. A split sentence is authorized (minimum of guideline range > 0 months but < 10 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months). The authorized length of the term of supervised release is set forth below in Item 4.b

3. **IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

    A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

(WORKSHEET E, p. 2)

4. **SUPERVISED RELEASE** (U.S.S.G. ch 5., pt. D)

   a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

   The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

   b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

   [✓] 1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

   [ ] 2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

   [ ] 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

   [ ] 4. The statute of conviction requires a minimum term of supervised release of _____ months.

   c. <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

   The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION** (U.S.S.G. § 5E1.1)

   [ ] 1. The court will determine whether restitution should be ordered and in what amount.

   [✓] 2. Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute. (*See, e.g.*, 18 U.S.C. §§ 3663A, 2327.) The parties agree that full restitution is **$500,000**_____.

   [ ] 3. The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3).)

   [ ] 4. The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

   [ ] 5. Restitution is not applicable.

(rev. 06/99)

(WORKSHEET E, p. 3)

6. **FINE** (U.S.S.G. § 5E1.2)

   a. Fines for Individual Defendants

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

   | **Minimum Fine** | **Maximum Fine** |
   |---|---|
   | $ 7,500 | $ 75,000 |

7. **SPECIAL ASSESSMENT(S)** (U.S.S.G. § 5E1.3)

   The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

   - $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
   - $ 25.00 for every count charging a Class A misdemeanor,
   - $ 10.00 for every count charging a Class B misdemeanor, and
   - $  5.00 for every count charging a Class C misdemeanor or an infraction.

   The defendant must pay a special assessment or special assessments in the total amount of $ 100.00      .

8. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

   List any additional applicable guideline, policy statement, or statute.

   _____

9. **UPWARD OR DOWNWARD DEPARTURE** (U.S.S.G. ch. 5, pts. H & K)

   List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

   _____

   _____

   (rev. 06/99)