UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION AT DETROIT

UNITED STATES OF AMERICA,

                          Case No. 05-CR-80476

        Plaintiff,

                          HONORABLE ARTHUR J. TARNOW

v.

NEMR ALI RAHAL [D-1],

        Defendant.
_____/

**STIPULATED PRELIMINARY ORDER OF FORFEITURE
AS TO DEFENDANT NEMR ALI RAHAL [D-1]**

The United States of America, by and through its attorneys, Stephen J.

Murphy, United States Attorney for the Eastern District of Michigan, and Rita E.

Foley, Assistant U.S. Attorney, together with Defendant NEMR ALI RAHAL, by

and through his attorney, MICHAEL RATAJ, Esq., hereby submits this

Stipulated Preliminary Order of Forfeiture:

1.      WHEREAS, an Indictment was issued on May 18, 2005, which charged

        Defendant NEMR ALI RAHAL with violating 18 U.S.C. §§ 371, 1344,

        1029 and 2;

2.    WHEREAS, the Indictment also sought criminal forfeiture pursuant to 18

U.S.C. § 982(a)(2) of: (1) any property, real or personal, constituting or

derived from any proceeds obtained, directly or indirectly, by Defendant

NEMR ALI RAHAL, as a result of such violations, including but is not

limited to:

(a)    The real property, including all land, buildings, fixtures,

improvements, and appurtenances commonly known as 5479 Argyle,

Dearborn, Wayne County, Michigan, more fully described as:

> Lot 672 and ½ of the vacated alley at the rear thereof, Ardross
>
> Subdivision No. 2, as recorded in Liber 39, Page 2, of Plats, Wayne
>
> County Records.
>
> 82-10-182-03-031

(b)    Cash/Currency: $5,005.50 in United States Currency, seized on April
20, 2005.

(c)    Substitute Assets:   substitute property, up to the value of the

properties described in subparagraphs (a)-(b) above, if, by any act or

omission of NEMR ALI RAHAL, the property described in

subparagraphs (a) and (b) cannot be located upon the exercise of due

diligence; has been transferred, sold to or deposited with a third party;

has been placed beyond the jurisdiction of the court; has been

substantially diminished in value; or has been commingled with other

property which cannot be divided without difficulty, pursuant to 21

U.S.C. § 853(p); and

3.  WHEREAS, the Rule 11 Plea Agreement was entered on January 17, 2006,

where the Defendant NEMR ALI RAHAL plead guilty to violations of 18

U.S.C. §§ 1344, 2;

4.  WHEREAS, the Rule 11 Plea Agreement also included criminal forfeiture

pursuant to 18 U.S.C. § 982(a)(2) of

Cash/Currency: $5,005.50 in United States Currency, seized on April
20, 2005.

5.  NOW THEREFORE, based upon Defendant NEMR ALI RAHAL's Rule 11

Plea and acknowledgment of criminal forfeiture proceedings against the

currency, and the information in the record, Defendant NEMR ALI RAHAL,

hereby agrees to entry of this Stipulated Preliminary Order of Forfeiture, and

that any and all interests of Defendant NEMR ALI RAHAL,  in the

$5,005.00 in U.S. Currency WILL HEREBY BE FORFEITED to the United

States for disposition in accordance with the law, and any right, title or

interest of Defendant NEMR ALI RAHAL, and any right, title or interest

that his heirs, successors or assigns, have or may have in the said properties

WILL HEREBY AND FOREVER BE EXTINGUISHED.

6.  The United States will be authorized, pursuant to Federal Rule of Criminal

Procedure 32(d)(2), to conduct any discovery that the Court considers proper

to help identify, locate, or dispose of any assets listed herein, to seize any

asset identified in Paragraph 4 which are not currently in the custody or

control of the United States, and to begin proceedings consistent with

applicable statutory requirements pertaining to ancillary hearings and the

rights of any third parties.

7.  The United States shall publish at least once for three successive weeks in a

newspaper of general circulation, notice of this preliminary forfeiture order

and of its intent to dispose of the above-named property in such manner as

the Attorney General may direct, pursuant to 21 U.S.C. § 853(n).  Said

notice shall direct that any person other than the Defendant asserting a legal

interest in the currency may file a petition with the Court within thirty (30)

days of the final publication of notice or of receipt of actual notice,

whichever is earlier.  The petition shall be for a hearing before the Court

alone, without a jury and in accordance with 21 U.S.C. § 853(n), to

adjudicate the validity of the petitioner's alleged interest in the currency.

The petition must be signed by the petitioner under penalty of perjury and

must set forth the nature and extent of the petitioner's alleged right, title or

interest in the currency, the time and circumstances of the petitioner's

acquisition of the right, title, or interest in the currency, any additional facts

supporting the petitioner's claim, and the relief sought.  The United States

may also, to the extent practicable, provide direct written notice to any

person or entity known to have an alleged interest in the currency.

8.     Additionally, Defendant NEMR ALI RAHAL acknowledges notice of

forfeiture in the charging instrument relative to the properties identified in

Paragraph 4 of this Stipulated Preliminary Order of Forfeiture, and agrees

not to contest forfeiture of the currency.  Defendant NEMR ALI RAHAL

expressly waives his right to have a jury determine the forfeitability of his

interest in such currency as provided by Rule 32.2(b)(4) of the Federal Rules

of Criminal Procedure. In entering into this agreement with respect to

forfeiture, Defendant NEMR ALI RAHAL  knowingly, voluntarily, and

intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and specifically acknowledge that the above-identified currency constitute the gross proceeds of, or were obtained, directly or indirectly, as a result of NEMR ALI RAHAL'S illegal activity in violation of 18 U.S.C. §§ 1344, 2, aiding and abetting bank fraud.

9.  Defendant NEMR ALI RAHAL waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding pronouncement of forfeiture at sentencing and incorporation of forfeiture in the judgment.  Defendant RAHAL acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Fed.R.Crim.P. 11(b)(1)(J).

10. Following the Court's disposition of all petitions filed, if any, and upon proof of publication and notice to any persons known to have alleged an interest in the currency , the United States shall have clear title to the $5,005.00 in U.S. Currency and the Attorney General, the United States Marshal's Service, the Federal Bureau of Investigation, and/or their delegate(s) are authorized to dispose of the $5,005.00 in U.S. Currency in

accordance with law, and may warrant good title to any subsequent purchaser or transferee.

11. Pursuant to Fed.R.Crim.P. 32.2(b)(3), this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant NEMR ALI RAHAL, relative to $5,005.00 in U.S. Currency, at the time of Defendant's sentencing. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

12. Furthermore, following the sentencing of Defendant NEMR ALI RAHAL and Co-Defendant RANIA FAWAZ RAHAL, whichever sentencing occurs later in time, the Government agrees it will discharge the Notice of *Lis Pendens* and withdraw its Affidavit of Interest against the real property located at 5479 Argyle, Dearborn, Michigan. Defendant NEMR ALI RAHAL acknowledges that if Co-Defendant RANIA FAWAZ RAHAL fails to appear for her sentencing, the Government may elect to proceed with civil forfeiture proceeding at 5479 Argyle, Dearborn, Michigan.

13. Each of the parties to this Stipulation have discussed the forfeiture issues with their respective counsel, and fully understand the terms and conditions of, and the consequences of entering into, the Stipulated Preliminary Order

Stipulated Preliminary Order of Forfeiture
*U.S. v Nemr Ali Rahal [D-1]*, 05-CR-80476
Page 8 of 8

of Forfeiture.  The parties agree that each shall bear their own costs in this

matter.

Agreed as to form and substance:
STEPHEN J. MURPHY
United States Attorney


s/Rita E. Foley                              s/Michael A. Rataj, Esq.

Assistant United States Attorney      Attorney for Nemr Ali Rahal
211 W. Fort Street, Suite 2001        24234 Michigan Avenue
Detroit, Michigan 48226               Dearborn, Michigan 48124
(313)-226-9520                        (313)-724-1700
Email: rita.foley @usdoj.gov          E-mail:mrataj@wyan.org
(Bar No. P-56361)                     (Bar no. P-43004)


Dated: 02-11-2006                     Dated: 02-02-2006



                                      s/NEMR ALI RAHAL

                                      Dated: 02-02-2006



***************************
IT IS SO ORDERED.


Dated: February 14, 2006              s/Arthur J. Tarnow
                                       HONORABLE ARTHUR J. TARNOW
                                      United States District Judge